Julie S. Turner (SBN 191146)
turner@turnerboyd.com
**TURNER BOYD LLP**
702 Marshall Street, Suite 640
Redwood City, CA 94063
Telephone: (650) 521-5930
Facsimile: (650) 521-5931

Attorneys for Plaintiff
BH COSMETICS, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BH COSMETICS, INC., a California Corporation,<br><br>          Plaintiff,<br><br>    v.<br><br>SHIPPING & TRANSIT LLC, a Florida limited liability corporation,<br><br>          Defendant. | CASE NO. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY**<br><br>**U.S. PATENTS NOS. 6,904,359, 6,952,645, AND 7,400,970**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT                     -1-                     Case No.

1    Plaintiff BH Cosmetics, Inc. files this Complaint for Declaratory Judgment of Non-

2  Infringement of U.S. Patents Nos. 6,904,359, 6,952,645, and 7,400,970, and Declaratory

3  Judgment of Invalidity of U.S. Patents Nos. 6,904,359, 6,952,645, and 7,400,970, against

4  Shipping & Transit LLC, stating as follows:

5                                    **THE PARTIES**

6    1.    Plaintiff BH Cosmetics, Inc. is a California corporation headquartered in Burbank,

7  California.

8    2.    Upon information and belief, Defendant Shipping & Transit LLC ("S&T") is a

9  Florida limited liability corporation having its principal place of business at 711 SW 24th Avenue,

10  Boynton Beach, Florida.

11                            **JURISDICTION AND VENUE**

12    3.    This Complaint arises under federal law and the laws of California.  This Court

13   has jurisdiction over these claims pursuant to 28 U.S.C. § 1338 because the Complaint states

14   claims arising under an Act of Congress relating to patents, 35 U.S.C. § 271.

15    4.    This Complaint also arises under the Federal Declaratory Judgment Act, 28 U.S.C.

16   §§ 2201 *et seq.* based on Defendants' threats to sue Plaintiff for patent infringement, thereby

17   giving rise to an actual case or controversy under 28 U.S.C. §§ 2201 and 2202.

18    5.    Upon information and belief, Shipping & Transit LLC ("S&T") conducts

19  substantial business in this judicial district, including regularly doing or soliciting business,

20  engaging in other persistent courses of conduct and deriving substantial revenue from services

21  provided to individuals and entities in California.  Therefore, this Court has personal

22  jurisdiction over S&T.

23    6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial

24  part of the events or omissions giving rise to the claims herein occurred in this judicial district.

25  \ \ \

26  \ \ \

27  \ \ \

28  \ \ \

**FACTUAL BACKGROUND**

**A.  The Three Patents-In-Suit**

7.      The three patents-in-suit are directed to methods and systems for tracking the location of vehicles carrying packages being shipped to customers, and for informing customers of the location of the vehicles bearing their packages at those times that the customer has specified he wants to receive information.

8.      By way of example, Claim 1 of the '359 Patent claims:

> 1.   A method for a notification system, the method for allowing a user to define when the user is to receive a **vehicle status report** relating to **the status of a mobile vehicle**, in relation to a location, the method comprising the steps of:
>
> (a) **permitting the user to predefine one or more events that will cause creation and communication of the vehicle status report** by the following steps:
>
>> (1) permitting the user to establish a first communication link with a host computer system using a user communications device that is remote from the host computer;
>>
>> (2) **receiving** during the first communication link at the host computer system **an identification of the one or more events relating to the status**, wherein the one or more events comprises at least one of the following: distance information specified by the user that is indicative of a distance between the vehicle and the location, location information specified by the user that is indicative of a location or region that the vehicle achieves during travel, time information specified by the user that is indicative of a time for travel of the vehicle to the location, or a number of one or more stops that the vehicle accomplishes prior to arriving at the location;
>>
>> (3) **storing the predefined one or more events in memory associated with the host computer system**;
>
> (b) **analyzing data indicative of travel of the mobile vehicle**;
>
> (c) initiating a second communication link from the host computer system to a remote communications device **to be notified, when appropriate, based upon the predefined one or more events and data indicative of travel**; and
>
> (d) **delivering the status report from the host computer to the notified remote communications device** during the second communication link, the status report indicating occurrence of the one or more events.

The '359 Patent, Claim 1 (emphasis added).

9.      As can be seen by Claim 1, the only way that one can infringe is if one performs the steps of, among other things, letting a user define when he is to receive a vehicle status report,

storing the user's definition of an event that will trigger the delivery of a vehicle status report, analyzing data indicative of travel of the mobile vehicle, and delivering a status report to the user based on when the user has defined he wants to receive such reports.

10.    Claim 1 of the '645 Patent claims as follows:

1. A system for **automatically reporting upon travel status of vehicles in response to activation requests by users** at remote locations, comprising:

a data manager configured to receive an activation request, said activation request **including a vehicle indicator and a location indicator**, said data manager further **configured to automatically correlate said vehicle indicator with a vehicle and said location indicator with a location along a route of travel of said vehicle, to automatically identify a proximity based on said location indicator, to track travel of said vehicle based on travel data received from said vehicle, said travel data identifying said vehicle, and to automatically transmit a message in response to a determination that said vehicle is within said identified proximity**; and

a communications interface **configured to receive said activation request from a user** at a remote location, to automatically transmit said activation request to said data manager, to receive said message from said data manager, and to transmit said message to said user.

The '645 Patent, Claim 1 (emphasis added).

11.    In other words, at the very least, to infringe this claim, one must have a system that: receives a request from a user containing a vehicle indicator and location indicator so that the system may provide tracking information of a vehicle; automatically correlates the vehicle indicator from the user with some specific vehicle; automatically correlates a location indicator with a location along the vehicle's route of travel; automatically identifies the proximity of the vehicle based on the location indicator; tracks the vehicle based on travel data from the vehicle; and automatically sends the user a message when the system determines that a vehicle is within some identified proximity to some location.

12.    Claim 1 of the '970 Patent claims as follows:

1. A computer based notification system, comprising:

means for enabling communication with a user that is designated to receive delivery of a package;

**means for presenting one or more selectable options to the user, the selectable options including at least an activation option for instigating monitoring of travel data associated with a vehicle that is delivering the package to the user**;

1

**means for requesting entry by the user of a package identification number or package delivery number**, each pertaining to delivery of the package;

2

**means for identifying the vehicle based upon the entry**;

3

means for requesting entry by the user of contact information indicating one or more communication media to be used in connection with a notification communication to the user;

4

5

**means for monitoring the travel data**; and

6

means for initiating the notification communication pertaining to the package via the one or more communication media, based upon the travel data.

7

8    The '970 Patent, Claim 1 (emphasis added).

9         13.    In other words, to infringe this claim, one must at the very least have a system that:

10   presents to the user options that the user may select that include at least an "activation option" to

11   start monitoring travel data associating with a vehicle carrying a package to the user; has a way of

12   requesting the user to enter a "package identification number" or "package delivery number;"

13   identifies a vehicle based on the package identification or delivery number; and monitors the travel

14   data associated with a vehicle delivering the package to the user.

15   **B.    The Defendants Targeted Plaintiff With A Letter Falsely Alleging Patent Infringement And Demanding A "Nuisance Value" Settlement.**

16

17        14.    BH Cosmetics is a small company that sells cosmetics online.  It employs about 40

18   full and part-time people at its headquarters in Burbank, California.  BH Cosmetics has customers

19   throughout the United States, and has over 2,000 customers in the San Francisco Bay Area.

20        15.    When a customer makes a purchase on BH Cosmetics' website, BH's computer

21   system automatically sends the customer an order confirmation email.

22        16.    BH then arranges to package and ship the customer's order.  BH uses the United

23   Parcel Service and the United States Postal Service to ship its packages.  Upon information and

24   belief, both of these companies have licenses to the patents-in-suit.

25        17.    When the order has been packed and given to UPS or USPS, BH's computer

26   system sends an email to the customer telling her that her package has shipped, and providing her

27   with a tracking number and a link to the website of UPS or USPS as appropriate.  At that point,

28   BH has completed its interaction with the customer, the package, and the shipping.

18. BH does not track the package or any vehicle that carries the package, does not allow the user to specify when the user wishes to receive notifications, does not receive vehicle or location indicator numbers from the user, does not create a "vehicle status report," does not automatically or otherwise identify a proximity of a vehicle based on any location indicator, does not track any vehicles, does not analyze data indicative of the travel of any vehicle, does not present the user with options including an activation option to start monitoring travel data associated with a vehicle carrying a package, does not ask the user for a package identification number or package delivery number related to the delivery of a package, does not identify a vehicle based on any such package number, and does not monitor travel data associated with a vehicle delivering a package.

## COUNT I – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,904,359

19. BH Cosmetics restates and incorporates by reference the allegations in paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Shipping & Transit LLC claims to own all rights, title, and interest in U.S. Patent No. 6,904,359 (the "'359 Patent").

21. Shipping & Transit LLC has demanded that BH Cosmetics take a license to the '359 Patent.

22. A substantial, immediate, and real controversy therefore exists between BH Cosmetics and Shipping & Transit LLC regarding whether BH Cosmetics directly or indirectly infringes or has infringed the '359 Patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '359 Patent.

23. BH Cosmetics seeks a judgment declaring that BH Cosmetics does not directly or indirectly infringe any claim of the '359 Patent.

## COUNT II – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,904,359

24. BH Cosmetics restates and incorporates by reference the allegations in paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.    Shipping & Transit LLC claims to own all rights, title, and interest in U.S. Patent No. 6,904,359 (the "'359 Patent").

26.    Shipping & Transit LLC has demanded that BH Cosmetics take a license to the '359 Patent.

27.    A substantial, immediate, and real controversy therefore exists between BH Cosmetics and Shipping & Transit LLC regarding whether the claims of the '359 Patent are valid.

28.    The claims of the '359 Patent are invalid under at least 35 U.S.C. §§ 101 and 112.

29.    A judicial declaration is necessary so that BH Cosmetics can ascertain its rights regarding the '359 Patent.

30.    BH Cosmetics is entitled to a judgment declaring that the '359 Patent is invalid under 35 U.S.C. §§ 101 and 112.

### COUNT III – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,952,645

31.    BH Cosmetics restates and incorporates by reference the allegations in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.    Shipping & Transit LLC claims to own all rights, title, and interest in U.S. Patent No. 6,952,645 (the "'645 Patent").

33.    Shipping & Transit LLC has demanded that BH Cosmetics take a license to the '645 Patent.

34.    A substantial, immediate, and real controversy therefore exists between BH Cosmetics and Shipping & Transit LLC regarding whether BH Cosmetics directly or indirectly infringes or has infringed the '645 Patent.  A judicial declaration is necessary to determine the parties' respective rights regarding the '645 Patent.

35.    BH Cosmetics seeks a judgment declaring that BH Cosmetics does not directly or indirectly infringe any claim of the '645 Patent.

\ \ \

\ \ \

\ \ \

## COUNT IV – DECLARATION OF INVALIDITY OF
## U.S. PATENT NO. 6,952,645

36.     BH Cosmetics restates and incorporates by reference the allegations in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.     Shipping & Transit LLC claims to own all rights, title, and interest in U.S. Patent No. 6,952,645 (the "'645 Patent").

38.     Shipping & Transit LLC has demanded that BH Cosmetics take a license to the '645 Patent.

39.     A substantial, immediate, and real controversy therefore exists between BH Cosmetics and Shipping & Transit LLC regarding whether the claims of the '645 Patent are valid.

40.     The claims of the '645 Patent are invalid under at least 35 U.S.C. §§ 101 and 112.

41.     A judicial declaration is necessary so that BH Cosmetics can ascertain its rights regarding the '645 Patent.

42.     BH Cosmetics is entitled to a judgment declaring that the '645 Patent is invalid under 35 U.S.C. §§ 101 and 112.

## COUNT V – DECLARATION OF NON-INFRINGEMENT OF
## U.S. PATENT NO. 7,400,970

43.     BH Cosmetics restates and incorporates by reference the allegations in paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44.     Shipping & Transit LLC claims to own all rights, title, and interest in U.S. Patent No. 7,400,970 (the "'970 Patent").

45.     Shipping & Transit LLC has demanded that BH Cosmetics take a license to the '970 Patent.

46.     A substantial, immediate, and real controversy therefore exists between BH Cosmetics and Shipping & Transit LLC regarding whether BH Cosmetics directly or indirectly infringes or has infringed the '970 Patent.  A judicial declaration is necessary to determine the parties' respective rights regarding the '970 Patent.

47.     BH Cosmetics seeks a judgment declaring that BH Cosmetics does not directly or indirectly infringe any claim of the '970 Patent.

## COUNT VI – DECLARATION OF INVALIDITY OF
## U.S. PATENT NO. 7,400,970

48.   BH Cosmetics restates and incorporates by reference the allegations in paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49.   Shipping & Transit LLC claims to own all rights, title, and interest in U.S. Patent No. 7,400,970 (the "'970 Patent").

50.   Shipping & Transit LLC has demanded that BH Cosmetics take a license to the '970 Patent.

51.   A substantial, immediate, and real controversy therefore exists between BH Cosmetics and Shipping & Transit LLC regarding whether the claims of the '970 Patent are valid.

52.   The claims of the '970 Patent are invalid under at least 35 U.S.C. §§ 101 and 112.

53.   A judicial declaration is necessary so that BH Cosmetics can ascertain its rights regarding the '970 Patent.

54.   BH Cosmetics is entitled to a judgment declaring that the '970 Patent is invalid under 35 U.S.C. §§ 101 and 112.

## PRAYER FOR RELIEF

WHEREFORE, BH Cosmetics respectfully prays for the following relief:

A.   A declaration that BH Cosmetics' services, systems, and practices do not infringe U.S. Patent No. 6,904,359;

B.   A declaration that U.S. Patent No. 6,904,359 is invalid;

C.   A declaration that BH Cosmetics' services, systems, and practices do not infringe U.S. Patent No. 6,952,645;

D.   A declaration that U.S. Patent No. 6,952,645 is invalid;

E.   A declaration that BH Cosmetics' services, systems, and practices do not infringe U.S. Patent No. 7,400,970;

F.   A declaration that U.S. Patent No. 7,400,970 is invalid;

G.   A determination that this is an exceptional case and an award of all costs and attorneys' fees; and

H.      any other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Under Rule 38 of the Federal Rules of Civil Procedure, BH Cosmetics respectfully demands a trial by jury of any issues triable of right by a jury.

Dated: June 8, 2015                              Respectfully submitted,

By: */s/ Julie S. Turner*
    Julie S. Turner (SBN 191146)
    turner@turnerboyd.com
    **TURNER BOYD LLP**
    702 Marshall Street, Suite 640
    Redwood City, CA 94063
    Telephone: (650) 521-5930
    Facsimile: (650) 521-5931

    Attorneys for Plaintiff
    BH Cosmetics, Inc.